# United States Court of Appeals for the Fifth Circuit

---

No. 22-51067
consolidated with
No. 22-51074

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Omar Rios-Hernandez,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-666-1, 4:22-CR-608-1

_____

Before King, Higginson, and Willett, *Circuit Judges.*

Per Curiam:[*]

Raul Omar Rios-Hernandez appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(1). He also appeals the district court's order revoking the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the revocation or revocation sentence, he has abandoned any

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

22-51067
c/w No. 22-51074

challenge to that order.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Rios-Hernandez argues that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under § 1326(b) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt.  He raises the issue to preserve it for further review and has filed an unopposed motion for summary disposition, correctly conceding that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Because his argument is foreclosed, summary disposition is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, Rios-Hernandez's motion for summary disposition is GRANTED, and the district court's judgments are AFFIRMED.